Filed 8/6/21  Luo v. Rahgoshay CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| HONGYUN LUO, as represented, etc., | |
| Plaintiff and Respondent, | G058671 |
| v. | (Super. Ct. No. 30-2015-00799990) |
| MOHAMMAD RAHGOSHAY, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Glen R. Salter, Judge.  Affirmed.

Menke & Menke and James D. Menke for Defendant and Appellant.

Law Office of Lisa Fisher and Lisa Fisher for Plaintiff and Respondent.

\*          \*          \*

This appeal is part of ongoing litigation between plaintiff Hongyun Luo and defendant Mohammed Rahgoshay about the joint purchase of a property at 252 W. Pebble Creek Lane in Orange (the property or the Pebble Creek property). Rahgoshay now appeals a $65,000 judgment on special verdict, asserting there is no substantial evidence to support any award of damages and that Luo's claims are barred by claim and issue preclusion. Alternatively, Rahgoshay asserts he is entitled to a new trial due to "judicial errors and misconduct." We find these arguments are without merit and affirm the judgment.

I

FACTS

*The Partition Action*

As neither party spends any time discussing the underlying facts, we draw them from our prior opinion in this case, *Rahgoshay v. Luo* (Sept. 19, 2019, G056735) [nonpub. opn.] (*Rahgoshay I*). "In July 2012, Mohammad Rahgoshay and Hongyun Luo purchased real property on Pebble Creek Lane in Orange at a real estate auction. They each provided half of the purchase price. Rahgoshay apparently recorded a deed identifying 252 W. Pebble Creek Lane Trust as the sole owner of the property, with himself identified as the trustee. (The trial court would later find that no such trust had ever existed.) For at least some period of time, Luo lived at the property and collected rent from its tenants.

"As the relationship between Rahgoshay and Luo broke down, Rahgoshay sued Luo for unlawful detainer. The complaint was later amended to add claims for partition, constructive trust, and an accounting. Following a bench trial, the court found that Rahgoshay and Luo were each 50 percent owners of the property, and that title should have been held by them jointly, as tenants in common. Judgment was entered in August 2015." (*Rahgoshay I*, *supra*, G056735.)

2

The trial court in the partition action eventually appointed David J. Pasternak as the partition referee. The property sold in 2018 for $575,000. In due course, the court approved the report Pasternak had submitted and allocated approximately $66,785.32 in fees to Rahgoshay. (*Rahgoshay I*, *supra*, G056735.) Luo appealed, and this court rejected her various arguments and affirmed the trial court's exercise of discretion. (*Ibid.*)

*The Instant Case*

While the partition action was still ongoing, in July 2015, Luo filed the instant case. The initial complaint is not in the record, but it was apparently filed by an attorney. It is somewhat unclear what followed, as Rahgoshay answered the initial complaint, but two amended complaints were also filed, the first by an attorney and the second by Luo in propria persona. Rahgoshay answered the second amended complaint and this appears to be the operative complaint thereafter. An attorney substituted into the case in 2015, but at some point prior to trial Luo began representing herself again.

The second amended complaint alleged causes of action for breach of fiduciary duty, fraud, intentional infliction of emotional distress, quiet title and slander of title, equitable indemnity and contribution, constructive trust, and conspiracy. In addition to Rahgoshay, numerous other individuals and entitles were named as defendants.[1] In essence, Luo alleged that Rahgoshay found her in family court during her divorce, and learned she would soon have access to cash. He approached her about joint investments. Although she alleged she paid 50 percent of the purchase price, she later learned that Rahgoshay failed to include her on the title of the Pebble Creek property.

After buying the property, Luo and Rahgoshay rented the property and Luo alleged she essentially acted as manager. She also alleged she incurred various expenses,

---

[1] The other defendants were dismissed prior to trial.

3

including the property taxes and maintenance costs. Rahgoshay thereafter directed the tenant to pay all rents to him individually. After that tenant ended his lease, Rahgoshay, the second amended complaint alleged, attempted to lease the property and keep the rents for himself. In 2014, Rahgoshay listed the property for sale without Luo's knowledge. Luo moved into the property and changed the locks, and Rahgoshay filed an unlawful detainer action, which was eventually reclassified as the partition action. Luo alleged continued harassment on Rahgoshay's part, despite the court's eventual ruling that they each owned a 50 percent interest in the property.

The second amended complaint alleged that Rahgoshay breached his fiduciary duties to Luo by his various actions, including placing title in his own name, attempting to take rents and profits for himself, by attempting to evict Luo, and by trying to sell the property without her consent. The same facts, with some additions and differences, formed the basis for her other causes of action.

Prior to trial, the court granted a motion in limine by Luo to exclude mention of the partition case with specified exceptions. The court later directed the parties to refer to the partition order as an "agreement" to avoid confusing the jury or giving the impression that Luo lost that case.

According to Rahgoshay, the trial court tentatively, but did not finally, deny a motion in limine he filed to exclude claims that were adjudicated in the partition action (we deem it denied).

Also prior to trial, the court, on its own motion and out of "an abundance of caution," appointed a guardian ad litem, Lisa Fisher, to represent Luo's interests pursuant to Code of Civil Procedure section 372.

The four causes of action submitted to the jury were breach of fiduciary duty, intentional misrepresentation, intentional infliction of emotional distress, and slander of title. Luo prevailed only on the breach of fiduciary duty claim. The jury awarded Luo $65,000 in damages, comprised of $5,000 in lost profits, $40,000 for other

4

past economic losses, and $20,000 in noneconomic losses, including physical pain and mental suffering. Rahgoshay filed a motion to vacate the verdict/judgment pursuant to Code of Civil Procedure sections 663 and 663a. Rahgoshay states in his brief that the motion was denied, but did not include a transcript or order reflecting this. Judgment was subsequently entered, and Rahgoshay now appeals.

## II

## DISCUSSION

*Request for Judicial Notice*

Rahgoshay requests this court take judicial notice of various documents from a related case and appeal. These documents, however, are already part of the record in this case, and therefore judicial notice is unnecessary. The request is denied.

*Substantial Evidence*

"A party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze *all* the evidence on that point, both favorable and unfavorable." (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218.) As another court explained, an appellant's "fundamental obligation to this court, and a prerequisite to our consideration of their challenge" (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 737-738), is to "set forth the version of events *most favorable to* [*respondent*]" (*ibid.*, italics added).

Rahgoshay's statement of facts fails to meet this standard. He repeatedly cites his own testimony and states the facts in the light most favorable to his own arguments while ignoring contradictory testimony. At most, he concedes certain facts were "disputed," such as whether Luo agreed to hold the property in the name of his trust. Given the fact that the trial court in the partition action found that the property was held

5

individually by both parties, this is not a "disputed" fact.[2]  This characterization of the facts does not meet his duty to set forth the facts in the light *most favorable* to the judgment.

After Luo raised this argument, Rahgoshay addressed it in his reply brief, which appears to assert that because his substantial evidence argument only relates to damages, he is apparently only held to this standard in those arguments and not the rest of the facts.  Unsurprisingly, he offers no legal citation for this erroneous proposition.  He claimed his opening brief "cites only to uncontested evidence and argument offered by Respondent," but this is clearly not the case, as is evidenced by his repeated citations to his own testimony without even acknowledging Luo's contradictory testimony on the same point.  Overall, his statement of the facts leaves the reader with the one-sided impression that all the facts were in his favor.

Failure to include a statement of facts that meets the legal requirements may result in a waiver of any question of the existence of substantial evidence.  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)  "The duty to adhere to appellate procedural rules grows with the complexity of the record."  (*Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 290.)  This record has a clerk's transcript of 684 pages and a reporter's transcript of 774 pages.  It is a posttrial appeal.  This is a case of significant complexity with an underlying case, and therefore, Rahgoshay's duty to state the facts fairly was heightened.  Further, rather than admit his failings or seek to amend his brief when this deficit was called to his attention, he simply denied the problem.  Accordingly, we find it appropriate to deem any issue of substantial evidence waived.

---

[2] Later in his brief, Rahgoshay argues that the court's decisions in the partition action are conclusive and subject to principles of preclusion, which makes his failure to accept that court's factual findings even more egregious.

6

Were we to consider this argument, we would find it unavailing in any event. "When findings of fact are challenged in a civil appeal, we are bound by the familiar principle that 'the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the findings below. [Citation.] We view the evidence most favorably to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor." (*Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1100.)

Rahgoshay's substantial evidence arguments are short and shallow. His contentions as to the lost profits award comprises just over one paragraph in his opening brief and includes no legal argument, only selected excerpts of the facts. Given the jury found a breach of fiduciary duty and had evidence about all that transpired between the purchase and sale of the property, there was ample evidence from which it could have found $5,000 in lost profits.

With respect to past economic losses of $40,000, he assumes, without evidence, that the jury connected this to the number Luo mentioned when she was testifying about attorney fees, which was also $40,000. This misstates the evidence, however. What Luo actually testified to was $110,000 in total was spent on attorney fees with $40,000 being a part of that amount.

Rahgoshay assumes that to reach an award of $40,000, the jury must have had evidence of exactly that amount for a single item of loss, without explaining why it singled out that one mention of one part of her attorney fees. Rather, the jury could have considered the various expenses Luo testified to as past economic loss.

As to physical and emotional distress, Rahgoshay admits Luo's husband testified that she experienced headaches, backaches, and "at times was – would just kind of be sobbing, really," due to the ongoing proceedings. Rahgoshay believes it was somehow relevant that Luo's husband was not personally involved in the legal

7

proceedings. It is not. His testimony about her emotional state as caused by Rahgoshay's breach of fiduciary duty constituted substantial evidence.

Finally, Rahgoshay argues a lack of causation because Luo never specifically identified at trial what duties he breached. He admits that recording a deed identifying the trust as the grantee and later evicting her were apparently the claimed breaches. He then claims that recording the deed did not cause her harm because it did not prevent her from exercising property rights. But this misses the point entirely. Once a reasonable person learned that someone who was supposed to be his or her equal business partner had essentially claimed 100 percent ownership of the only business property, he or she was inevitably going to spend time, money, and emotional energy trying to resolve the issue – as Luo has. There was more than sufficient evidence that Rahgoshay's acts caused Luo's harm.

Again, Rahgoshay's claims of a lack of substantial evidence were waived by his inadequate briefing. But even if they were not, we would find them unavailing.

*CACI No. 3964*

Rahgoshay next claims he is entitled to reversal because the court did not give CACI No. 3964, which instructs jurors not to consider attorney fees and court costs. We review questions of instructional error de novo. (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1373.) In a civil case, erroneous jury instructions are not inherently prejudicial. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 983.) Reversal is only proper "when it appears probable that the improper instruction misled the jury and affected the verdict." (*Lundquist v. Reusser* (1994) 7 Cal.4th 1193, 1213.)

The use instructions for CACI No. 3964 state that the instruction is not to be given in cases where attorney fees are a jury issue. Here, attorney fees were an issue in the slander of title cause of action, and when this was pointed out during a discussion

8

on jury instructions, Rahgoshay's counsel did not object. We do not find it was error not to give the instruction.

Even if we assume the court should have given this instruction, we would find no reversible error. Rahgoshay's entire argument is that because there was testimony about $40,000 in attorney fees, and the jury awarded exactly that amount for past economic loss, the jury *must* have been awarding attorney fees. As we pointed out above, Luo did not testify that her attorney fees were $40,000, but $110,000, and this same amount was mentioned during closing. He offers no explanation as to why the jury, or any reasonable jury, would have focused in on this single mention of a portion of her attorney fees and awarded her that and only that.

There is simply no evidence to connect the $40,000 mentioned during Luo's testimony about attorney fees to the amount awarded; it is pure speculation. The total amount Luo testified to and mentioned in closing argument is different, and Rahgoshay is simply connecting the two numbers and assuming the jury must have recalled that specific testimony. This is not sufficient to find it "probable" that the jury was misled. We find no error.


*Evidence of the Partition Action*

Rahgoshay next argues it was reversible error for the court to exclude, with limited exceptions, mention of the partition action. When a party asserts evidentiary error, its "burden is to demonstrate the court's 'discretion was so abused that it resulted in a manifest miscarriage of justice.'" (*Hernandez v. Paicius* (2003) 109 Cal.App.4th 452, 456, overruled on other grounds in *People v. Freeman* (2010) 47 Cal.4th 993, 1006, fn.4.)

Rahgoshay asserts the trial court's rationale for excluding mention of the partition action was incorrect. The court wanted to avoid the impression that Luo had lost that action, which Rahgoshay claims is "wrong." He admits Luo successfully set

9

aside his unlawful detainer petition, but "lost" because she opposed the complaint for partition.

We reject Rahgoshay's premise. Luo was at least partially successful and came out of the partition action with a court order that she owned 50 percent of the interest in the property, the same percentage she had always believed and expected that she owned. The court did not abuse its discretion in wanting to avoid a misleading impression before the jury.

Addressing prior actions is always a matter of discretion and judgment for the court, balancing many competing considerations. We conclude the court acted reasonably here in balancing the interests of the parties and did not err in excluding mention of the partition action. As we find no error, we need not consider Rahgoshay's arguments regarding prejudice.

*Issue and Claim Preclusion*

Rahgoshay next asserts that Luo's claims for damages are barred by res judicata. Res judicata takes two forms: Claim preclusion and issue preclusion (sometimes referred to as collateral estoppel). (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.) Claim preclusion requires that: "'''(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.'''" (*Ibid.*) "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have 'consistently applied the "primary rights" theory.'" (*Id.* at pp. 797-798.) "Under this theory, '[a] cause of action . . . arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. "Of these

10

elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term . . . .""" (*Ibid.*)

Rahgoshay claims, without citing to the record, that he asked the court to apply preclusion doctrines "throughout the trial and after the verdict through [his motion in limine], objections throughout trial, and a motion seeking to set aside the special verdict/judgment. The [t]rial [c]ourt denied all of the motions and the objections based on a conclusion that the Partition Case was not final." He concedes that trial in this matter occurred in October 2019 and the remittitur in the partition action was not issued until November 2019.

Rahgoshay points to orders from various trial courts dating back to the original unlawful detainer action in 2014 and claims they were "final." But all of these orders (as best we can tell; Rahgoshay does not take the time to explain them), eventually led to the partition action and appeal, which was not final until the remittitur was issued. Accordingly, there was no evidence of a "final judgment on the merits" that would trigger any preclusion doctrine.

*Trial Misconduct*

Finally, Rahgoshay asserts reversal is required because Luo and her guardian ad litem violated the trial court's order on their own motion in limine "repeatedly." He admits there were no objections to many of these alleged violations, and asserts without argument that such objections would have been "futile." The failure to demonstrate this purported futility forecloses this argument.

Further, some of the purported violations of the court's order were not violations at all. And the rest were so minor or trivial that it is unlikely the jury took any note of them. Rahgoshay's claims of prejudice were based on pure speculation. Nothing complained of here rises to the level of misconduct warranting a new trial.

11

III

DISPOSITION

The judgment is affirmed.  Luo is entitled to her costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.